**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Chou Jin KIANG, Defendant–Appellant.**

No. 02–1185.

United States Court of Appeals,
Sixth Circuit.

Jan. 29, 2003.

Before DAUGHTREY and COLE, Circuit Judges; and SARGUS, District Judge.*

### ORDER

Chou Jin Kiang, proceeding through counsel, appeals a district court judgment in favor of the United States in an action filed by the United States seeking denaturalization pursuant to 8 U.S.C. § 1451(a) of the Immigration and Nationality Act. This case has been referred to a panel of the court pursuant to Rule 34(j)(1). Rules of the Sixth Circuit. The parties have expressly waived oral argument, and this panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

Kiang was born in Taiwan on January 10, 1955. Kiang entered the United States as a non-immigrant on December 10, 1986. On August 16, 1990, Kiang became a permanent resident alien of the United States. On December 26, 1995, Kiang filed an application for naturalization based upon his status as a permanent resident alien during the preceding five years. Kiang was interviewed, under oath, by an Immigration and Naturalization Service ("INS") officer on August 16, 1996, and on that same day, his application for naturalization was approved by the INS. On September 11, 1996, Kiang received a certificate of naturalization.

On December 19, 2000, the United States ("government") filed a complaint to revoke Kiang's citizenship. The government alleged that Kiang's citizenship was illegally procured because on February 23, 1995, he was convicted of a crime of moral turpitude and was on probation for that criminal offense when his application for naturalization was approved. The government sought revocation of Kiang's citizenship and cancellation of his certificate of naturalization.

The government filed a motion for summary judgment, to which Kiang responded. The district court granted the government's motion for summary judgment, revoked Kiang's citizenship, and canceled Kiang's certificate of naturalization. Kiang has filed a timely appeal. The parties have waived oral argument.

---

* The Honorable Edmund A. Sargus, Jr., United States District Judge for the Southern District of Ohio, sitting by designation.

698

We review the district court's grant of summary judgment de novo. *Kincaid v. Gibson*, 236 F.3d 342, 346 (6th Cir.2001). Summary judgment is appropriate when the evidence presented shows " 'that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' " *Id.* (quoting Fed.R.Civ.P. 56(c)).

The government in a denaturalization proceeding bears a heavy burden. The government must prove its case by "clear, unequivocal, and convincing" evidence so as not to leave the basis for denaturalization in doubt. *Kungys v. United States*, 485 U.S. 759, 771–72, 108 S.Ct. 1537, 99 L.Ed.2d 839 (1988); *see also Fedorenko v. United States*, 449 U.S. 490, 505, 101 S.Ct. 737, 66 L.Ed.2d 686 (1981).

The government may seek revocation of an order admitting a person to citizenship and cancellation of such person's certificate of naturalization "on the ground that such order and certificate of naturalization were illegally procured." 8 U.S.C. § 1451(a). "[A] naturalized citizen's failure to comply with the statutory prerequisites for naturalization renders his certificate of citizenship revocable as 'illegally procured' under 8 U.S.C. § 1451(a)." *Fedorenko*, 449 U.S. at 514. Good moral character during the five years immediately preceding the date of application is a statutory prerequisite for naturalization. 8 U.S.C. § 1427(a). An applicant lacks good moral character if convicted of a crime involving moral turpitude within the requisite time period. 8 U.S.C. § 1101(f)(3) (cross-referencing 8 U.S.C. § 1182(a)(2)(A)(i)(I)).

■ Upon review, we conclude that the district court properly granted summary judgment in favor of the government, as Kiang's naturalization was illegally procured. Kiang did not maintain the good moral character necessary to support his application for naturalization because he committed a crime of moral turpitude during the five-year period of time preceding his application. *See* 8 U.S.C. § 1101(f)(3); 8 U.S.C. § 1427(a). Furthermore, Kiang was ineligible for naturalization because he was on probation for his crime at the time that his naturalization application was approved. *See* 8 C.F.R. § 316.10(c)(1). Therefore, Kiang's citizenship was properly revoked and his certificate of naturalization was properly canceled.

■ On appeal, Kiang reiterates the arguments presented to the district court in his response to the government's motion for summary judgment. The district court considered and rejected each argument asserted by Kiang in a thorough, well-reasoned opinion to which the addition of further analysis would be duplicative. Essentially, fourth degree criminal sexual conduct as it is defined by Michigan law, is a crime of moral turpitude. Even under the former version of Michigan Compiled Laws Annotated § 750.520e, that Kiang advocates is applicable to his crime, it is clear that Kiang's conduct in using force or coercion to obtain sexual contact with a teenage girl without her consent constitutes a crime of moral turpitude. Moreover, 8 C.F.R. § 316.10(c)(1) represents a reasonable interpretation of the statutory requirement of good moral character and is not ultra vires. *See Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 843–44, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984).

Accordingly, the district court's judgment is affirmed.